IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AUDIE VITTORIO STEELE, #54869-177, MOVANT, | § § § § | |
| v. | § § | CASE NO. 3:18-CV-1171-M-BK (CRIMINAL NO. 3:16-CR-446-M-4) |
| UNITED STATES OF AMERICA, RESPONDENT. | § § § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Audie Vittorio Steele's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the undersigned United States magistrate judge for case management, including the issuance of findings and a recommended disposition. As detailed herein, the motion should be **GRANTED IN PART**.

### I. BACKGROUND

Steele pled guilty to conspiring to distribute a controlled substance and was sentenced to 144 months' imprisonment. *United States v. Steele*, No. 3:16-CR-00446-M-4, Crim. Doc. 191 (N.D. Tex. Aug. 30, 2017), *appeal dismissed*, No. 17-10867, Crim. Doc. 355 (5th Cir. Mar. 26, 2018) (enforcing appeal waiver). Steele timely filed this *pro se* Section 2255 motion and brief alleging ineffective assistance of counsel at sentencing and on appeal. Doc. 1 at 4-10; Doc. 2. The Government has filed a response opposing Section 2255 relief, Doc. 6, and Steele has filed a reply and supplemental authority, Doc. 7, Doc. 8.

Upon review, the Court finds that Steele has shown that counsel was constitutionally ineffective as alleged in Ground Five. Thus, his Section 2255 motion should be granted, and his sentence vacated.[1]

## II. ANALYSIS

To succeed on a claim of ineffective assistance of counsel, the movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Failure to establish either deficient performance or prejudice defeats the claim. *Id.* at 697. To prove the deficient-performance prong of the *Strickland* test, the movant must show that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment. *Id.* at 687. The proper measure of attorney performance is reasonableness under prevailing professional norms. *Id.* at 688. Moreover, to prove prejudice, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In the sentencing context, to establish prejudice, the movant must demonstrate that his sentence was increased by the deficient performance of defense counsel. *Glover v. United States*, 531 U.S. 198, 200, 203-04 (2001).

Here, Steele asserts that his counsel rendered ineffective assistance in failing to object to the erroneous assignment of one criminal history point under paragraph 57 of the Presentence Report (PSR) for the 24-day sentence he received in 2007 on a misdemeanor conviction for

---

[1] Because the Court concludes that Steele should be resentenced based on the error identified in Ground Five, his remaining grounds for relief under the current judgement—ineffective assistance claims premised on (1) the alleged breach of the plea agreement, promise of a 60-month sentence, and the constructive amendment of the indictment, and (2) counsel's failure to argue for a mitigating role reduction and to object to the weapon enhancement—are effectively moot. Thus, they are not reached here.

evading arrest and detention. He further contends that the error resulted in a higher criminal history category and guideline imprisonment range. Upon review, the Court finds Steele's argument is well taken.

In calculating a defendant's criminal history category, a prior sentence for an offense listed under U.S.S.G. § 4A1.2(c)(1) and any "offenses similar to them, by whatever name they are known," are counted only when, as relevant here, the sentence of imprisonment imposed was at least 30 days. One of the offenses listed in section 4A1.2(c)(1) is resisting arrest, which is similar to the offense of evading arrest. *United States v. Moore*, 997 F.2d 30, 34-35 (5th Cir. 1993).

Although the Government correctly argues that Steele's evading arrest prior is similar to resisting arrest, it mistakenly asserts that Steele was sentenced to 45 days.[2] Doc. 6 at 19. And because Steele's 24-day sentence, Crim. Doc. 132-1 at 15, is less than 30 days prescribed under section 4A1.2(c)(1)(A), his prior misdemeanor conviction for evading arrest should not have been assessed a criminal history point or counted toward his criminal history category.

Section 4A1.2(c)(1)(A) unequivocally excludes Steele's prior conviction from the criminal history calculation, thus, counsel's performance was deficient. Further, Steele was prejudiced by counsel's deficient performance since, without the mistaken inclusion of that criminal history point, his Criminal History Category is IV not V, resulting in a lower Guideline imprisonment range. *See* Crim. Doc. 132-1 at 22 (PSR); Crim. Doc. 139-1 at 1 (Addendum to PSR); U.S.S.G. Ch.5, Pt.A (Sentencing Table). Thus, the Court concludes that Steele's sentence

---

[2] The Government likely confused the 45-day sentence Steele received on a 2005 conviction for Evading/Arrest Detention in PSR paragraph 51, Doc. 132-1 at 12, with the one at issue here.

was increased by the deficient performance of defense counsel.[3]  See Glover, 531 U.S. at 203 (finding "any amount of actual jail time has Sixth Amendment significance").

### III. CONCLUSION

Accordingly, Steele's Section 2255 motion should be **GRANTED IN PART**, his sentence should be **VACATED**, and he should be **RESENTENCED** in accordance with the findings herein.

**SO RECOMMENDED** on June 26, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

---

[3] While the sentence imposed is also within the correct Guidelines range, it ultimately resulted from a one-level downward departure, and there is no basis in the record to conclude that the Court would not again consider a downward departure from the correct range upon resentencing. Crim. Doc. 212 at 11-12 (Sentencing Tr.); Crim. Doc. 192 at 1 (Statement of Reasons).  If the Court in its discretion granted a similar departure upon resentencing, Steele's sentence would be lower.